IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK STERBA,                           )
                                        )
               Plaintiff,              )   No. 3:13-cv-0859-TC
                                        )
               v.                      )   FINDINGS & RECOMMENDATION
                                        )
Commissioner of Social Security,        )
                                        )
               Defendant.              )

    Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits. Plaintiff seeks a reversal for the payment of benefits, or, in the alternative, for further proceedings.

    The ALJ found that plaintiff had severe impairments consisting of degenerative disc disease, status post-back surgery, obesity, rotator cuff syndrome, and an adjustment disorder with depression.

1 - FINDINGS & RECOMMENDATION

The ALJ determined at the third step that plaintiff had no impairment or combination of impairments that met or medically equaled a listed impairment. After assessing the RFC, the ALJ stated:

> [T]he undersigned finds that the claimant has the residual functional capacity to perform light work . . . except lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 6 hours in an 8 hour day; sit for 6 hours in an 8 hour day; no climbing of ladders, ropes, or scaffolds; should not perform work requiring constant pushing and pulling with the upper extremities; <u>only occasionally reach overhead</u>; should avoid exposure to hazards such as unprotected heights and dangerous machinery; occasionally stoop, crouch, and crawl; and can only understand, remember, and carry out simple tasks and instructions typical of jobs with an SVP of 2.

Tr. 726 (emphasis added).

The ALJ found at the fourth step that plaintiff was unable to perform any past relevant work. Finally, based on the testimony of a vocational expert ("VE"), the ALJ found that plaintiff could perform occupations representative of other jobs in the national economy despite his limitations in the RFC. Based on the VE's testimony, the ALJ found that plaintiff could perform the positions of collator operator (DOT No. 208.685-010), copy machine operator (207.685-014), parking lot attendant, (915.473-010), and car wash attendant (915.667-010). As such, the ALJ found that plaintiff was not disabled.

2 - FINDINGS & RECOMMENDATION

Plaintiff argues that the ALJ erred. He states that the provision "at the heart of the question in this case is SSR 00-4p." P. 2 of Plaintiff's Reply (#19).

SSR 00-4p "clarifies [SSA's] standards for the use of vocational experts (VEs) who provide evidence at hearings before administrative law judges (ALJs)." SSR 00-4p, 2000 WL 1898704, *1 (December 4, 2000). The Ruling requires that "[o]ccupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT [(Dictionary of Occupational Titles)]." Id. at *2. To meet this requirement, the Ruling indicates that "[w]hen a VS or VE provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and the information provided in the DOT." Id. at *4; Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (recognizing and ALJ's duty to ask about potential conflicts between VE testimony and the DOT). "When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p at *2; Massachi, 486 F.3d at 1152-53.

In this case, the ALJ discharged his responsibility to ask the VE about any potential conflicts. Tr. 765; see, Nicholson v.

3 - FINDINGS & RECOMMENDATION

Astrue, 341 Fed. Appx. 248, 254 (7th Cir. 2009) (rejecting argument that ALJ "failed to explore perceived inconsistencies" where the ALJ "ask[ed] the VE specifically to point out any inconsistencies ... [and] the VE did not mention any such inconsistencies"). Accordingly, this case turns upon whether or not "there is an apparent unresolved conflict between VE … evidence and the DOT." SSR 00-4p at *2 (emphasis added). A conflict is "apparent" when it is "manifest" or "obvious." See BLACK'S LAW DICTIONARY 105 (8th ed. 2004).

Plaintiff's belief that the vocational expert's testimony might conflict with the DOT does not establish that there was, in fact, an apparent conflict. Plaintiff was represented during the hearing and failed to raise this issue, cutting against his contention there is an obvious conflict. See Lee v. Astrue, No. 6:12-cv-00084-SI, 2013 WL 1296071 at *11 (D. Or. March 28, 2013); Mueller v. Astrue, 860 F. Supp. 2d 615, 639 (N.D. Ill. 2012).

As the Ninth Circuit has recognized, "[t]he DOT is not the sole source of admissible information concerning jobs." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). On the contrary, "[t]he DOT itself states that it is not comprehensive," and "'DOT users demanding specific job requirements should supplement this data with local information detailing jobs within their community.'" Id. (quoting DOT, 1991 WL 645963) (emphasis added). Here, the DOT indicates that the step-five jobs in this action

4 - FINDINGS & RECOMMENDATION

require frequent reaching, but it is silent as to how often, if ever, the worker must reach overhead. There is no contradiction between the DOT description and the VE's testimony because the VE provided a level of detail absent from the DOT in answering the ALJ's hypothetical. "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." Fields v. Bowen, 805 F.2d 1168, 1170 (5th Cir. 1986). This is consistent with the DOT and Ninth Circuit precedent recognizing the DOT does not address every possible question regarding how a job is performed. Presented with a substantially similar argument, the District of Oregon has recognized as much finding "no *direct* conflict between the DOT and the VE's testimony," and explaining that any conclusion to the contrary would require reading into the DOT description because the "DOT's general descriptions for these occupations do not include work activities involving frequent bilateral overhead reaching." Lee, 2013 WL 1296071 at *11 (emphasis in original). There is no reason for this court to reach a different conclusion in the present action.[1]

---

[1] In addition to the above, the ALJ has rationally concluded that there is no direct conflict between the DOT and the VE's testimony and this court concurs , especially in light of the deferential substantial evidence standard. Under substantial evidence review, when more than one rational interpretation is available, reviewing courts "must defer to the Commissioner's decision." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

5 - FINDINGS & RECOMMENDATION

Plaintiff contends that, in light of the lack of binding precedent and differing district court conclusions on this issue, "the issue is in equipoise," and he proceeds to argue that this court should reverse and remand the ALJ's decision. P. 1 of Plaintiff's Reply (#19).

Plaintiff essentially asks this court to apply the language in the Tenth Circuit's Haddock v. Apfel, 196 F.3d 1084 (10th Cir. 1999) over the Ninth Circuit's Massachi decision. In Massachi, the Ninth Circuit applied SSR 00-4p and held that an ALJ must ask the vocational expert whether the testimony he or she provided is consistent with the DOT before the ALJ can rely on that testimony. Massachi, 486 F.3d at 1152-53. Plaintiff contends that under Haddock an ALJ must ask how the testimony corresponds to the DOT. He asserts that this requires more than inquiring as to whether there is an inconsistency. Plaintiff further argues that SSR 00-4p adopts Haddock such that the language of the decision controls over the language of SSR 00-4p itself. This court rejects plaintiff's argument, first, because it would apply out-of-circuit dicta much more broadly than is indicated under the facts of Haddock and, second, because SSR 00-4p plainly uses different language than Haddock and, unlike Haddock, it is binding in the Ninth Circuit.

The facts in Haddock are readily distinguishable from the present case. The ALJ found Haddock retained the residual functional capacity to perform sedentary, semi-skilled work.

6 - FINDINGS & RECOMMENDATION

Haddock, 196 F.3d at 1086. The VE purported to identify four jobs a claimant with Haddock's limitations could perform. Id. at 1087. However, the Tenth Circuit observed that the DOT "which was not discussed at the hearing, indicates that these jobs generally require greater exertional capacity than the ALJ found this claimant to have." Id. Specifically, three of the jobs were listed in the DOT as either light and skilled or medium and semi-skilled. Id. at 1088. Consequently, only one job matched the DOT description, but the ALJ was unable to rely on it because there was no evidence as to whether the job existed in significant numbers. Id.

The Tenth Circuit concluded that the exertional and skill discrepancies were fatal to the ALJ's decision and remanded the case. The court explained: "We do not mean by our holding that the [DOT] 'trumps' a VE's testimony when there is a conflict about the nature of a job. We hold merely that the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and [VE] testimony before the ALJ may rely on the [VE's testimony]." Id. at 1091. Thus, the conflict at issue in Haddock was an "apparent" conflict; that is, it is manifest that sedentary exertion conflicts with light or medium exertion and that skilled work conflicts with semi-skilled work.

Plaintiff minimizes the facts presented in Haddock and reads much into dicta that ALJs should ask "the expert how his testimony"

7 - FINDINGS & RECOMMENDATION

corresponds to the DOT. P. 4 of Plaintiff's Reply (#19). This court rejects plaintiff's attempt to go beyond the Tenth Circuit's explicit holding and to do so under the very different factual circumstance presented here.

In indicating that his testimony was consistent with the DOT, the VE in the present action adequately explained how these two sources of evidence relate to each other. Plaintiff would require VEs to provide a detailed comparison between their testimony and the DOT. Adopting this approach would essentially require that the VE anticipate and respond to any objections that the claimant could possibly formulate post-hearing. This is not a workable approach and there is no authority requiring this level of explanation. The better approach is the one adopted by several courts , including courts in Oregon, that a represented claimant should bring these objections to the attention of the ALJ and the VE during the hearing. Lee, 2013 WL 1296071 at *11; Mueller, 860 F. Supp. 2d at 639.

In sum, this court rejects plaintiff's arguments and applies the same reasoning the Court employed in Lee. The DOT descriptions in issue only address reaching requirements generally and are silent as to whether, if ever, overhead reaching is required. Unlike the sedentary versus light/medium and semi-skilled versus skilled discrepancies the Tenth Circuit considered in Haddock, the VE's testimony in this case supplements the DOT by providing a

8 - FINDINGS & RECOMMENDATION

greater level of detail. Had there been an apparent conflict between the DOT and the VE's testimony, plaintiff could reasonably be expected to have raised it at the hearing. <u>Glenn v. Sec. of Health & Human Servs</u>., 814 F.2d 387, 391 (7th Cir. 1987) ("When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits."); <u>see also</u> <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1115 (9th Cir. 1999).

## CONCLUSION

The decision of the Commissioner should be affirmed and this action should be dismissed.

DATED this 30T day of September, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge